# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 30, 2026

```
* * * * * * * * * * * * *
GEOFFREY DONALDSON,              *
                                 *
         Petitioner,             *        Case No.: 22-96V
                                 *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
         Respondent.             *
* * * * * * * * * * * * *
```

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for petitioner.
*James Vincent Lopez*, U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 27, 2025, petitioner filed an amended Motion for Interim Attorneys' Fees and Costs, incorporating petitioner's initial motion for Interim Attorneys' Fees and Costs filed on February 16, 2024. Petitioner's ("Pet'r") Amended Interim Fees Motion ("Int. Mot.") (ECF No. 103 & 66). For the reasons discussed below, I hereby **GRANT** petitioner's motions and award $167,840.51 interim attorneys' fees and costs.

### I.    Procedural History

On January 31, 2022, Geoffrey Donaldson, ("petitioner") filed a petition for compensation in the National Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleges that, as a result of the Fluzone High-Dose seasonal influenza vaccine and/or

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted https://www.govinfo.gov/app/collection/uscourts/national/cofc**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the Prevnar 13 Pneumococcal Conjugate ("Prevnar-13") vaccine he received on October 14, 2019, he suffered transverse myelitis. Petition at Preamble (ECF No. 1).

Petitioner filed supporting medical records and the case was reassigned to my docket on September 26, 2022. *See* Pet'r Ex. 1-17 (ECF No. 7); Pet'r Ex. 18-20 (ECF No. 10); Pet'r Ex. 21 (ECF No. 16); Activation and Reassignment Order (ECF No. 22). Petitioner subsequently filed additional medical records. *See* Pet'r Ex. 22 (ECF No. 26); Pet'r Ex. 23-26 (ECF No. 37); Pet'r Ex. 27 (ECF No. 45); Pet'r Ex. 28 (ECF No. 48); Pet'r Ex. 33-34 (ECF No. 60); Pet'r Ex. 35 (ECF No. 63). On August 3, 2023, respondent filed his Rule 4(c) report, arguing that this case was not appropriate for compensation. Resp't Rept (ECF No. 52). Petitioner filed an expert report from neurologist, Laura S. Boylan, M.D. Pet'r Ex. 32 (ECF No. 58). Respondent has not yet filed a responsive expert report.

Petitioner filed the initial Motion for Interim Attorneys' Fees and Costs on February 16, 2024, seeking $101,556.20 in attorneys' fees and costs, but later filed an additional invoice, increasing the total requested amount to $110,931.20. Int. Mot.; Pet'r Mot. For Leave (ECF No. 77). Petitioner filed supporting declarations from attorneys Jessica Wallace, Debra Gambella, Daisy Mazoff, and an in-house physician assistant consultant, Gretchen Elgersma, PA, as well as an Invoice and Statement of Expenses. Pet'r Ex. 1–5 (ECF No. 66); Pet'r Ex. 40 (ECF No. 78-1). Respondent filed a response to petitioner's motion for interim fees and costs, stating that respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award…" Resp't Response to Int. Mot. at 2 (ECF No. 67).

On June 20, 2024, while petitioner's initial attorneys' fees motion was pending, respondent filed a responsive expert report. Resp't Ex. A (ECF No. 76). The undersigned held a Rule 5 status conference on October 3, 2024, where I ordered petitioner to file either a supplemental expert report addressing the two issues I outlined in the Rule 5 Status conference, mainly diagnosis and then onset. Rule 5 Order (ECF No. 87). Petitioner filed a supplemental expert report from Dr. Boylan on January 25, 2025. Pet'r Ex. 42 (ECF No. 89). After requesting a subpoena, the undersigned held another status conference in this matter on May 27, 2025, where I ordered petitioner to obtain additional medical records. Order (ECF No. 96); Scheduling Order (ECF No. 97). Petitioner obtained the medical records and filed those records on June 24, 2025 and July 2, 2025. Afterwards, respondent requested an opportunity to file a responsive supplemental expert report. Resp't Status Rept. (ECF No. 101).

On October 27, 2025, petitioner filed an amended motion for interim attorneys' fees and costs. Amended Mot. For Interim Attorneys' Fees and Costs (ECF No. 103). The amended interim fees request includes $114,793.70 in attorneys' fees and $54,455.31 in attorneys' costs, totaling $169,249.01. Pet'r Amd. Int. Fee Mot. At 1-2. Respondent filed a response to petitioner's amended motion for interim fees and costs on October 29, 2025, stating that the respondent defers to the Special Master to determine if an award for interim attorneys' fees and costs is warranted and if petitioner has met the legal standard for interim attorneys' fees and costs. Resp't Response (ECF No. 104). Petitioner filed a reply on October 29, 2025, reiterating his request for interim attorneys' fees and costs. Pet'r Reply (ECF No. 105).

The matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### a.    Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The objective reasonable basis inquiry turns on the "feasibility of the claim" at hand, rather than the likelihood of its success. *Id.* at *6. The evidentiary standard to satisfy a reasonable basis inquiry is "more than a mere scintilla but less than a preponderance of proof." *Cottingham v. Sec'y of Health and Human Servs.*, 971 F.3d 1337, 1345-45 (Fed. Cir. 2020). In this case, respondent does not contest that this petition was filed in good faith. *See* Resp't Response to Int. Mot. (ECF No. 67). Further, petitioner believes that the flu vaccine and/or the pneumococcal vaccine caused his transverse myelitis, thus the good faith requirement is satisfied. *See* Int. Mot. at 9.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the claim for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support his petition in addition to an expert report supporting the allegation that the flu and/or Prevnar-13 vaccinations petitioner received on October 14, 2019 caused him to suffer from transverse myelitis. *See* Pet'r Ex. 11 at 73-74, 168, 171, 174-75; Pet'r Ex. 12 at 3-5; Pet'r Ex. 32. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### b.    Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years

(measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Under the circumstances of this case, interim fees are warranted. This case has been pending for over two years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012). Respondent has raised no objection to the motion. *See* Resp't Resp. (ECF Nos. 104, 67). Moreover, petitioner's counsel has incurred significant attorneys' fees and costs litigating his claim, both of which combined are over the threshold amounts discussed above. Further, this case has been pending since 2022 and respondent has filed an additional expert report, which will necessitate additional attorneys fees prior to this case being resolved.

## III. Reasonable Attorneys' Fees and Costs

### a. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules for 2021-2024 can be accessed online.[3]

Petitioner requests a total of $114,793.70 in attorneys' fees for work done by his attorneys Ms. Jessica Wallace, Ms. Debra Gambella, and Ms. Daisy Mazoff, as well as for paralegal support provided by Ms. Ashley Plescia, Ms. Nicky Tenney, Ms. Esther Novak, Ms. Michelle Pelliccio, Ms. Sarah McCullar, Ms. Jennifer Swanson, and Ms. Tabitha Stone. Int. Mot. at 12-13; Pet'r Am. Int. Mot. at 18-22.   Petitioner's request also includes work done by Ms. Gretchen Elgersma, PA, an in-house medical consultant. *Id.* at 13. Petitioner requests the following rates for the work of his counsel:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Ms. Jessica Wallace | $231 | $241 | $275 | $285 | $320 | $359 |
| Ms. Debra Gambella |  | $380 | $394 | $409 | $424 | $439 |
| Ms. Daisy Mazoff |  |  |  | $380 | $403 |  |

For the PA consulting work performed by Ms. Elgersma, petitioner requests the following rates: $212 per hour for work performed in 2021; $220 per hour for work performed in 2022; and $228 per hour for work performed in 2023.  Int. Fee at 22.  Petitioner also requests the following rates for paralegal work: $156 per hour for work performed in 2020; $162 per hour for work performed in 2021; $174 per hour for work performed in 2022; $180 per hour for work performed in 2023; $187 per hour for work performed in 2024; and $195 for work performed in 2025. Amd. Int. Fee at 22.

The hourly rates requested for Ms. Wallace, Ms. Gambella, and Ms. Mazoff are consistent with the prior hourly fee awards.  *See, e.g. Carroll v. Sec'y of Health & Hum. Servs.*, No. 19-1125V, 2023 WL 2771034, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 4, 2023).

However, the rates requested for PA consulting work performed by Ms. Elgersma are excessive and should be reduced to the paralegal rate. *See Patko v. Sec'y of Health & Hum. Servs.*, No. 22-1059V, 2024 WL 1253808, at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2024) (finding that "the hourly rate requested for PA Elgersma is considered excessive for a non-barred individual, who is also otherwise not acting in this matter as a retained expert" and lowering the requested rate to…be consistent with what a paralegal would receive in the Vaccine Program."). Reducing her rates to the paralegal rates results in a **$1,407.80 reduction in fees**.

### c.  Hours Expended

---

[3] The 2021-2024 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health and Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

The overall number of hours spent on this matter appear to be reasonable and the billing statement provided by counsel provides sufficient detail documenting the number of hours expended on different tasks.  Additionally, respondent did not identify any objectionable items in the billing sheet.  Accordingly, no adjustments are necessary.

### d.  Attorneys' Cost

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $54,455.31 in costs. Amd. Int. Fee at 16. Petitioner's costs include expert fees, acquisition of medical records, shipping, postage, copying, and subpoena service. *See* Amd. Int. Fee. at 59-61. A majority of the costs are associated with the experts retained in this matter, totaling $24,450.00.  *Id.* The remainder includes additional costs associated with obtaining the extensive medical records of petitioner, postage for mailing files, and the court filing fee.

Petitioner's neurology expert, Laura Boylan, M.D., has authored two expert reports in this case. Pet'r Ex. 32 & 42.  Dr. Boylan charged a total of $23,250.00, representing 46.5 hours of work, including reviewing petitioner's medical records and drafting two reports.  These rates are consistent with prior awards for work performed by Dr. Boylan in corresponding years, and, thus, are reasonable. *See, e.g., Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2018 U.S. Claims LEXIS 235 at 5 (Fed. Cl. Spec. Mstr. Feb. 16, 2018). Petitioner's neuroradiology expert, Dr. Stanley Lu, M.D., reviewed MRI results and authored a report, for which he charged $1,200.00. Pet'r Ex. 36 (ECF No. 68).

These costs are well documented and are typically incurred in the Vaccine Program. Therefore, petitioner is entitled to recover the full amount of his requested costs in the amount of $54,455.31.

### IV.    Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum of $167,840.51, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**/s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master